```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division


JOSEPH W. LEE,                      )
trading as INTERNATIONAL            )
CONSULTING SERVICES,                )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )   Civil Action No. 1:08cv282
                                    )
SPACE ISLAND GROUP, INC., et al.,   )
                                    )
     Defendants.                    )
```

## REPORT AND RECOMMENDATION

This matter came before the Court for an ex parte proof of damages hearing on June 27, 2008. After a representative of defendant Space Island Group, Inc. and defendant Eugene Meyers failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### I.   INTRODUCTION

Plaintiff Joseph W. Lee, trading as International Consulting Services ("ICS") ("plaintiff"), filed a Complaint against Space Island Group, Inc. ("SIG") and Eugene Meyers ("Meyers") (collectively, "defendants") on March 21, 2008. Plaintiff, who conducted business as ICS as a sole proprietorship, is an adult

citizen of the United States of America and a resident of Fairfax County, Virginia.  (Compl. ¶ 1.)  Defendant SIG is a California corporation with its principal place of business in West Covina, California.  (Id. ¶ 3.)  Defendant Meyers is an adult citizen of the United States of America and a resident of California.  (Id. ¶ 4.)

Plaintiff alleges one count of breach of contract arising from a consulting agreement entered into with defendant Meyers on behalf of SIG.  Alternatively, plaintiff seeks recovery on that same agreement under a theory of quantum meruit.  Plaintiff seeks a judgment against defendants jointly and severally awarding him compensatory damages of $117,540.00 plus interest, attorney's fees, and costs.[1]

### A. Jurisdiction

This Court has subject matter jurisdiction over this case because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens

---

[1] In his Complaint, plaintiff also seeks an Order allowing him to purchase, at his option, shares of SIG at the rate of $0.50 per share.  In connection with his Motion for Default Judgment, plaintiff represented to the Court, through counsel, that he no longer seeks such relief.  Plaintiff himself confirms that he declines this option in his affidavit submitted in support of his Motion ("Lee Aff.").  (Lee Aff. ¶ 26.)

of different states.  28 U.S.C. § 1332(a)(1); Compl. ¶ 8.  In his Complaint, plaintiff claims the amount owed under the consulting agreement to be $117,540.00.  (Compl. ¶ 11.)

This Court has personal jurisdiction over defendant SIG pursuant to Virginia's long-arm statute.[2]  Specifically, defendant is subject to jurisdiction in Virginia under Virginia Code § 8.01-328.1(A)(1) in that, in entering into the consulting agreement with plaintiff, defendant SIG "[t]ransact[ed] . . . business in this Commonwealth."  Va. Code § 8.01-328.1(A)(1).

Whether this Court has personal jurisdiction over defendant involves a two-part analysis.[3]  First, this Court must determine whether Virginia's long-arm statute authorizes the exercise of jurisdiction.  Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).  Second, if the statute's requirements are

---

[2] Plaintiff makes no argument for piercing the corporate veil and subjecting defendant Meyers to individual liability.  It appears from the face of the agreement that defendant SIG is the "client/customer" with whom plaintiff, trading as ICS, contracted.  Defendant Meyers signed on behalf of defendant SIG and not as an individual.  Therefore, the undersigned Magistrate Judge recommends dismissing the claim against defendant Meyers without prejudice.  The Report and Recommendation will hereafter address liability only as to defendant SIG.

[3] Plaintiff merely asserts, without explanation, that defendants "are subject to personal jurisdiction" in this judicial district.  (Compl. ¶ 9.)  The undersigned Magistrate Judge therefore undertakes her own analysis of whether this Court has jurisdiction over defendants.

satisfied, this Court must determine whether the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. Id. Because Virginia's long-arm statute extends personal jurisdiction to the limits of due process, the two parts merge into a singly analysis. Federal Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 657 n.2 (4th Cir. 1989).

It is well-settled that entering into a contract with a resident of Virginia does not, in and of itself, subject an non-resident defendant to suit in Virginia. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985); Chung v. NANA Dev. Corp., 783 F.2d 1124, 1127-28 (4th Cir. 1986). But Virginia's long-arm statute is "a single act statute," meaning that one business transaction in this Commonwealth can provide the basis for personal jurisdiction, even if substantially all contract obligations are performed outside of the state. See Superfos Investments Ltd. v. FirstMiss Fertilizer, Inc., 774 F. Supp. 393, 397 (E.D. Va. 1991) (citing I.T. Sales, Inc. v. Dry, 222 Va. 6, 8-9 (1981); John G. Kolbe, Inc. v. Chromodern Chair Co., 211 Va. 736, 740 (1971)).

Where, as here, personal jurisdiction is allegedly based on a single contact, namely the consulting agreement at issue in

this case, the factors commonly examined by courts to determine whether business has indeed been transacted within the state include: (1) where the contracting and negotiations occurred; (2) who initiated the contact; (3) the extent of the communication; and (4) where the contractual obligations were to be performed. See, e.g., Affinity Memory & Micro, Inc. v. K & Q Enters., 20 F. Supp. 2d 948, 952 (E.D. Va. 1998).

Unfortunately, the pleadings filed by plaintiff provide very little information on the issue of whether business was transacted in Virginia pursuant to the consulting agreement. Plaintiff does not expressly discuss any bases for Virginia jurisdiction in his Complaint at all.

First, it appears, given that the dates of each party's signature are separated by more than two weeks, that negotiations and contracting were done remotely.  (See Lee Aff. ¶ 17; Lee Aff., Exh. 1 at 2.)  Moreover, it appears that plaintiff signed the agreement after defendant, presumably while in Virginia. Therefore, Virginia appears to be the place of contracting. See, e.g., Pro Football, Inc. v. Paul, 39 Va. App. 1, 9 (2002) ("The place where the last act necessary to give validity to the contract occurs is the place where the contract was made.")  This

weighs in favor of finding personal jurisdiction over defendant.

Second, it appears that defendant initiated contact with plaintiff.  Defendant Meyers approached plaintiff at a conference in late 2005 and inquired whether plaintiff would represent defendants in promoting SIG's technologies in China.  (See Lee Aff. ¶¶ 14-16.)  This weighs in favor of finding personal jurisdiction over defendant.

Finally, it appears that the contract was to be performed, at least in part, in Virginia, based on plaintiff's residence and presence in the Commonwealth.  But it is clear from the terms of the agreement that the parties contemplated at least some of the performance would take place in China, Singapore, and Taiwan. (See Lee Aff., Exh. 1 at ¶ 2.)  This weighs in favor of finding personal jurisdiction over defendant.

Although, given the sparse pleadings, the foregoing analysis is far from conclusive, it suggests finding this Court has jurisdiction over defendants.  Therefore, the undersigned Magistrate Judge looks to the principle underlying the analysis: whether the contact suggests that the non-resident defendants purposefully availed themselves "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253

(1958) (citing <u>International Shoe v. Washington</u>, 326 U.S. 310, 319 (1945)); <u>see also</u> <u>Burger King v. Rudewicz</u>, 471 U.S. 462, 476 (1985).  The terms of the agreement itself suggest that defendants have so purposefully availed themselves.

The consulting agreement at issue provides that disputes arising under it shall be "construed, interpreted and applied in accordance with the laws of Virginia" and "[t]he validity and interpretation of [the parties' contract] shall be governed in accordance with the laws of the State of Virginia."  (Compl. ¶ 7; Lee Aff., Exh. 1 ¶¶ 11, 12.)  Such language amounts to choice of law rather than forum selection, which might have required the parties to litigate any dispute in Virginia.  Because defendant participated in drafting the agreement, which clearly contemplates the control of Virginia law, if not necessarily Virginia courts, the undersigned believes defendants sufficiently availed themselves of the benefits and protections of the laws of Virginia such that this Court may exercise personal jurisdiction over them.

### B. Venue

Venue is appropriate in this District because a substantial part of the events or omissions giving rise to plaintiff's claim

took place in this District, namely, defendant's failure to pay plaintiff for his services.  28 U.S.C. §§ 1391(a); Compl. ¶ 9.

### C. Process and Service

Process was served on defendant by hand-delivering copies of the Summons and Complaint to defendant Meyers, individually and as corporate representative for defendant SIG, at 944 West Blue Ash Road, West Covina, California on April 17, 2008.

### D. Grounds for Default Judgment

Defendants have not appeared, answered, or otherwise filed any responsive pleadings in this case.  On June 4, 2008, plaintiff filed his Motion for Default Judgment against defendants and noticed it for hearing on June 27, 2008.  When defendant failed to attend the hearing, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.  That same day, plaintiff requested the Clerk of this Court enter default; the Clerk entered default on July 1, 2008.

## II.  FACTUAL FINDINGS

Upon a full review of the pleadings, including the Complaint and plaintiff's Motion for Default Judgment, as well as the documents submitted in proof of damages, including the Lee Affidavit and plaintiff's Bill of Costs, the undersigned Magistrate Judge finds that plaintiff has established the

following facts.

Plaintiff is an international business consultant with a background in aerospace technology and technology management, specializing in business transactions with Chinese government officials and private citizens. (See Lee Aff. ¶¶ 7, 10-12.) In late 2005, plaintiff attended a conference sponsored by the National Aeronautics and Space Administration ("NASA") where he met defendant Meyers, founder and Chief Operating Officer of defendant SIG. (Id. ¶¶ 14-15.) Defendant SIG designs, builds, and operates commercial space systems for commercial, research, and manufacturing purposes. (Id. ¶ 15.)

Defendant Meyers asked plaintiff to promote SIG's technologies in China and to seek funding for SIG from Chinese individuals, private companies, and government entities. (Id. ¶ 16.) In early 2006, after weeks of negotiating, the parties entered into a consulting agreement defining the parties duties and responsibilities.[4] (Id. ¶¶ 17-20.) Under the terms of the agreement, plaintiff, trading as ICS, was to be the "exclusive agent representing SIG in China, Singapore, and Taiwan." (Lee

---

[4] The agreement is attached as Exhibit 1 to the Lee Affidavit. The agreement itself is three pages, including a one-page attachment defining payment terms.

10

Aff., Exh. 1 ¶ 2.) Defendant SIG was to pay plaintiff a daily fee ($1,500 per day for domestic work and $2,000 per day for work done overseas) plus expenses. (Lee Aff. ¶ 3.) In addition, defendant SIG was to pay plaintiff a five percent commission on any investment money plaintiff secured or provided for defendant SIG. (Id.)

From April 6, 2006 until April 19, 2007, plaintiff performed various services on behalf of defendant SIG, including three visits to China. (See id. ¶ 22.) For this work, plaintiff claims he is entitled to $117,540.00, pursuant to the terms of the consulting agreement.[5] (Id. ¶ 24.) Despite plaintiff's numerous requests and provision of billing statements, defendants have yet to pay plaintiff at all for his services. (Id. ¶ 25.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in a plaintiff's complaint are deemed admitted. Before entering default judgment, however, a court must evaluate the complaint to ensure that it properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, in issuing this Report and Recommendation, the

---

[5] Plaintiff attached to his affidavit as Exhibit 2 an undated summary of work performed and associated charges.

undersigned Magistrate Judge must evaluate plaintiffs' claim against the standards of Fed. R. Civ. P. 12(b)(6).

The first count of the Complaint alleges that defendants breached the consulting agreement with plaintiff by failing to pay him $117,540.00 for services he provided under the terms of that contract.  (Compl. ¶¶ 13-18.)  The second count of the Complaint alleges that, even without the consulting agreement, plaintiff is entitled to recover from defendants $117,540.00 for services he provided based on the principle of quantum meruit. (<u>Id.</u> ¶¶ 19-25.)  Under either theory, plaintiff also seeks attorney's fees and costs.

Based on the facts alleged in plaintiff's Complaint and supported by his affidavit, the undersigned Magistrate Judge concludes that there exists a valid contract between plaintiff and defendant SIG.  Plaintiff is therefore entitled to recover for breach of this contract and need not rely on quantum meruit to recover.

Under the plain terms of the consulting agreement, the undersigned Magistrate Judge concludes plaintiff is entitled to recover at least $110,500.00.  Plaintiff worked at least 11 days domestically and at least 47 days overseas.  (<u>See</u> Compl. ¶ 10;

Lee Aff. ¶ 22.) At the respective $1,500- and $2,000-per-day rates, plaintiff is entitled to fees of $110,500.00.

But plaintiff does not claim this amount. Rather, he submits with his affidavit a statement of work performed and the associated costs to defendant SIG totaling $117.540.00. (See Lee Aff., Exh. 2.)

Plaintiff's statement seems to vary the terms of the agreement in two ways. First, the daily rate for domestic work is broken down to an hourly rate of $187.50 (based on an eight-hour day). Under this method, the 32 hours of domestic work total $6,000.00. Second, the rate for overseas work is converted to a flat cost of $15,073.00, purportedly by agreement of the parties. The first trip to China, lasting three weeks, cost defendant $45,219.00; the second, lasting two weeks, $30,146.00. But the third trip, lasting 12 days, cost $36,175.00. This third trip does not appear to comport with the purportedly later-agreed-upon rate of $15,073.00 per week.

The undersigned Magistrate Judge need not decide whether the contract was modified as alleged and, if so, whether the fees and expenses claimed by plaintiff in his statement comport with that modification. Indeed, the agreement itself provides that

13

defendant SIG would pay plaintiff's expenses in addition to the daily fees. (Lee Aff., Exh. 1 ¶¶ 3, 6.) Plaintiff does not expressly or separately claim his expenses associated with his provision of services under the contract. Still, the undersigned Magistrate Judge believes, based on the plain terms of the agreement and plaintiff's testimony, that plaintiff incurred expenses of $7,040.00 in connection with his performance of the contract, which included three trips to China lasting a total of more than 45 days. Therefore, the undersigned Magistrate Judge recommends an award of compensatory damages in the amount of $117,540.00 against defendant SIG, plus interest at the statutory rate from the date judgment is entered until the award is paid.

Plaintiff also seeks an award of attorney's fees and costs, including court costs associated with bringing his Motion for Default Judgment. There is no basis for such an award by the terms of the agreement or by statute. Therefore, the undersigned Magistrate Judge recommends no award of fees and costs.

### III.  CONCLUSION

The undersigned Magistrate Judge concludes that plaintiff has established that defendants are in default and that defendant SIG is liable to plaintiff in the amount of $117,540.00 for

14

defendant's breach of contract.

## IV.   RECOMMENDATION

The undersigned Magistrate Judge recommends entry of judgment in the amount of $117,540.00 in favor of plaintiff Joseph W. Lee and against defendant Space Island Group, Inc.

## V.   NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service.  A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and defendant's corporate representative at the following address:

Eugene Meyers
Space Island Group, Inc.
944 West Blue Ash Road
West Covina, California 91790-3618


                                              /s/
                                 THERESA CARROLL BUCHANAN
                                 UNITED STATES MAGISTRATE JUDGE
July 25, 2008
Alexandria, Virginia