IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH W. LEE, trading as INTERNATIONAL CONSULTING SERVICES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:08cv282 (GBL) ) |
| SPACE ISLAND GROUP, INC., et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM ORDER

THIS MATTER is before the Court on the July 25, 2008, Report and Recommendation of Magistrate Judge Theresa C. Buchanan regarding Plaintiff Joseph W. Lee's unopposed Motion for Entry of Default Judgment against Defendant Space Island Group, Inc. and Defendant Eugene Meyers. This case concerns Magistrate Judge Buchanan's recommendation that the Court enter judgment in favor of Plaintiff Joseph W. Lee and against Defendant Space Island Group, Inc. because Defendant is in default and is liable to Plaintiff in the amount of $117,540.00 for Defendant's breach of contract. On August 6, 2008, Plaintiff timely filed his Objections to Magistrate Judge Buchanan's Report and Recommendation asking this Court to modify the recommendation and enter default judgment against Defendant Eugene Meyers in the amount of $117,500.00 in addition to Defendant Space Island

1

Group, Inc., plus interest rate at the legal rate from the date of entry of the judgment, jointly and severally. The issue presented is whether the Magistrate Judge erred in declaring that Defendant Eugene Meyers was not individually liable for breach of contract when Meyers signed the contract as CEO for Space Island Group, Inc. Because Plaintiff has not shown that Meyer's signature on the contract was given in his individual capacity nor has Plaintiff shown facts warranting disregard of the corporate veil of limited liability, the District Court adopts the Magistrate Judge's Report and Recommendation and enters a judgment in favor of Plaintiff Joseph W. Lee and against Defendant Space Island Group, Inc.

Federal Rule of Civil Procedure 72(b) requires a district judge to whom a case is assigned to make a *de novo* determination of those portions of the magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636 (2000). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* The Court may also receive further evidence on the matter. *Id.*

Plaintiff objects to the Magistrate Judge's refusal to enter a default judgment against Defendant Eugene Meyers in his individual capacity. This Court, however, agrees with the Magistrate Judge that the argument presented in Plaintiff's complaint is insufficient to pierce the corporate veil and

2

subject Defendant Eugene Meyers to individual liability. In order to pierce the corporate veil under Virginia law, a party must prove that "(i) the corporation is the alter ego, alias, stooge, or dummy of the individual, and (ii) the individual used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126, 135 (4th Cir. 2002)(citations omitted). Plaintiff has not alleged any of the elements required to pierce the corporate veil. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Entry of Default Judgment is GRANTED. It is further

ORDERED that this action is DISMISSED WITHOUT PREJUDICE with respect to Defendant Eugene Meyers.

The Clerk is directed to enter a Federal Rules of Civil Procedure 58 final judgment in favor of Plaintiff Joseph W. Lee and against Defendant Space Island Group, Inc. in the amount of

$117,540.00, plus interest at the statutory rate from the date judgment is entered until the award is paid.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 17th day of October, 2008.

Alexandria, Virginia
10/17/2008

/s/
Gerald Bruce Lee
United States District Judge

4